IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. PENNINGTON, § | | |
| TDCJ-CID NO. 316759, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:08-CV-1416 -N | |
| § | | |
| RICK THALER, § | | |
| Director, Texas Dept. of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division,[1] § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Respondent, formerly Nathaniel Quarterman, is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On February 6, 1981, Petitioner was convicted of aggravated robbery, enhanced by a prior conviction for the felony offense of retaliation. He was sentenced to forty-five years imprisonment.

---

[1] The Court Nathaniel has substituted Rick Thaler for Nathaniel Quarterman in the style of the case because Quarterman is no longer Director, Texas Department of Criminal Justice, Correctional Institutions Division.

*State of Texas v. Michael Joe Pennington*, No. F80-11385-MN (195th Dist. Ct., Dallas County, Tex., Feb. 6, 1981). Petitioner is not challenging his conviction and sentence. Rather, his claims center on his parole release on March 6, 1997 and subsequent revocation on October 27, 2005. (Pet., 7A, Ex. A (Certificate of Parole); Ex. B. (Revocation Proclamation.)

On July 14, 2007 Petitioner filed a time credit dispute with the Texas Department of Criminal Justice ("TDCJ") Classification and Records Division. (*Id*., Ex. C.) TDCJ responded on April 16, 2008 that the time calculation was correct. (*Id*.) On July 31, 2007, Petitioner filed a state application for writ of habeas corpus relating to the parole release and revocation. (*Ex. Parte Pennington*, Appl. No. 68,294-01 at 2.) The Texas Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court without a hearing on October 10, 2007. (*Id*. at "Action Taken" document.) Petitioner filed this § 2254 Petition on August 12, 2008, the date he placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

### III. Issues and Analysis

Petitioner claims he was unconstitutionally denied street-time credits in violation of the *ex post facto* clause and the protection against double jeopardy. (Pet. at 7-7A.) On April 1, 2009, Respondent filed an answer to the petition arguing that the petition is barred by the statute of limitations. The Court now finds the petition should be dismissed with prejudice as time-barred.

#### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481

(1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In cases challenging a conviction, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).² This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). However, in this case, Petitioner is challenging his release on parole and revocation. Therefore, the statute of limitations runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. § 2244(d)(1)(D).

Respondent contends that when Petitioner's parole was revoked on October 27, 2005, he knew or should have known that he was penalized for an unsatisfactory parole period and lost the

---

² The statute provides that the limitations period shall run from the latest of--

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

time he spent released to parole. The Texas parole statute in effect when Petitioner committed the offense of aggravated robbery on August 18, 1980, provided in relevant part that when:

> a person's parole, mandatory supervision, or conditional pardon [is revoked], that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.12 § 22 (West 1979) (currently TEX. GOV'T CODE § 508.283(b) (Vernon 2008). Petitioner claims he had no notice that he would not receive credit for the time spent on parole if the parole was revoked. However, the parole release document that he signed when he was released demonstrates that he did receive notice. The Certificate of Parole specifically states:

> **BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

(Ex. A at 1 (emphasis in original).) Immediately above Petitioner's signature is a second warning, "**. . . I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence**." (Ex. A at 2 (emphasis in original).) Petitioner knew or should have known all the facts surrounding his claims by the date of his release, March 6, 1997. (Ex. A at 2.) Alternatively, Petitioner should have known on the date of his parole revocation. Accordingly, his petition should have been filed on or before October 27, 2006 unless he had a properly filed application for State post-conviction or other collateral review pending, as allowed by 28 U.S.C. § 2244(d)(2). Petitioner did not file a state writ of habeas corpus challenging his parole revocation until July 31, 2007, long after the ADEPA statute of limitations had expired. Accordingly, his state writ did not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his § 2254 petition on August 12, 2008, 655 days after the limitation

period expired. Accordingly, Petitioner's claims are time barred and should be dismissed with prejudice.

**B.** **Equitable Tolling**

In this case, Petitioner has not raised a claim of equitable tolling. Nevertheless, even if this issue had been raised, there is nothing in the facts before the Court that would support equitable tolling. The one-year limitations period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner waited until over nine months after the one-year limitations period had expired before he filed his state petition. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has not shown that he is entitled to equitable tolling.

## RECOMMENDATION

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed, June 10, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).